**WO**  JKM

NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Charles Bertrand, | No. CV 10-0604-PHX-GMS (JRI) |
| Petitioner, | **ORDER** |
| vs. | |
| Eric H. Holder, Jr., et al., | |
| Respondents. | |

Petitioner Charles Bertrand (A071-553-292), who is represented by counsel, filed an Amended Petition for Writ of Habeas Corpus (Doc. 12) and two Motions for Order to Show Cause (Docs. 8 & 9). The Court will deny the motions and require a response to the amended petition.

## I.  Amended Petition

Petitioner is a native and citizen of Haiti. On June 3, 1998, he was convicted of possession of cannabis for sale in a Florida county circuit court. On March 29, 1999, Petitioner adjusted his status to that of a lawful permanent resident. On October 7, 2002, he was deported from the United States. On June 1, 2005, he arrived in the United States and was taken into custody by Immigration and Customs Enforcement (ICE). The Department of Homeland Security (DHS) charged Petitioner with inadmissibility under 8 U.S.C. §§ 1182(a)(6)(C)(i) (fraud or willful misrepresentation of a material fact), 1182(a)(7)(A)(i)(I) (no valid entry document), 1182(a)(9)(A)(ii) (previously ordered removed), and

1182(a)(2)(A)(i)(II) (controlled substances violation). On February 7, 2006, an Immigration Judge (IJ) denied Petitioner's applications for asylum, withholding of removal, and relief under the United Nations Convention Against Torture (CAT) and issued an order for his removal from the United States. On June 23, 2006, the Board of Immigration Appeals (BIA) affirmed the IJ. On August 1, 2007, the United States Court of Appeals for the Ninth Circuit remanded the case to the BIA, which then remanded to the IJ on October 8, 2008. On February 6, 2009, the IJ again denied Petitioner's requests for relief and ordered him removed to Haiti. On June 11, 2009, the BIA affirmed the IJ's second removal order. Petitioner's petition for review from the BIA's decision is currently pending before the United States Court of Appeals for the Ninth Circuit. See Bertrand v. Holder, No. 09-72089 (9th Cir. pet. for review filed Jun. 24, 2009). On October 16, 2009, the Ninth Circuit granted Petitioner a stay of removal. Id.

On February 26, 2010, Petitioner requested that he be given a bond redetermination hearing before an IJ. He argued that he was subject to discretionary detention under 8 U.S.C. § 1226(a) and that he was entitled to a bond redetermination hearing as required by Casas-Castrillon v. Dep't of Homeland Sec., 535 F.3d 942 (9th Cir. 2008). On March 3, 2010, the IJ held that he lacked jurisdiction to hear Petitioner's bond redetermination request because Petitioner was subject to mandatory detention as an arriving alien—not discretionary detention under § 1226(a). Petitioner did not appeal the IJ's ruling to the BIA.

In his Amended Petition for Writ of Habeas Corpus, Petitioner asserts that he is currently detained under 8 U.S.C. § 1231 pending his removal, and that he cannot be removed because the DHS has indefinitely halted removals to Haiti. Relying on Zadvydas v. Davis, 533 U.S. 678 (2001), Petitioner argues that he is entitled to release from custody because his detention for more than three months beyond the removal period, with no prospect that his removal will be effected in the reasonably foreseeable future, is not authorized under § 1231. Petitioner also argues that his indefinite detention violates his right to substantive due process. Petitioner further argues that as an "arriving alien," his ineligibility for a bond redetermination hearing before a neutral decision maker violates his

right to procedural due process. Petitioner seeks an order compelling his immediate release from detention and a declaration that his detention violates the Constitution and the Immigration and Nationality Act. The Court will require respondents to answer the Amended Petition

**II.     Motions for Order to Show Cause**

Petitioner has filed two Motions for Order to Show Cause (Docs. 8 & 9). Petitioner asserts that "proper service was made upon all of the respondents, yet there has been no response from any of them in this matter." (Doc. 9 at 2.) Petitioner requests that the Court order Respondents to show cause why a writ of habeas corpus should not issue. In their Response in Opposition to Petitioner's Motion to Issue an Order to Show Cause (Doc. #10), Respondents assert that they have not been properly served under Rule 4 of the Federal Rules of Civil Procedure. In an untimely Reply (Doc. 13), Petitioner asserts that service of a summons is not required in a habeas corpus case. Because the Court will direct the Clerk to effect proper service on the Respondents and require an answer to the Amended Petition, Petitioner's motions will be denied as moot.

**IT IS ORDERED:**

(1)     Petitioner's Motion to Proceed *In Forma Pauperis* (Doc. 2) is **granted**.

(2)     Petitioner's Motions for Order to Show Cause (Docs. 8 & 9) are **denied** as moot.

(3)     The Clerk of Court must serve a copy of the Summons, Amended Petition (Doc. #12), and this Order upon the United States Attorney for the District of Arizona by certified mail addressed to the civil process clerk at the office of the United States Attorney pursuant to Rule 4(i)(1)(A) of the Federal Rules of Civil Procedure. The Clerk of Court also must send by certified mail a copy of the Summons, Amended Petition and this Order to the United States Attorney General pursuant to Rule 4(i)(1)(B) and to Respondents pursuant to Rule 4(i)(2).

| | |
|---|---|
| 1 | (4) Respondents must answer the Petition within 20 days of the date of service. Respondents must not file a dispositive motion in place of an answer without first showing cause as to why an answer is inadequate. |

(4) Respondents must answer the Petition within 20 days of the date of service. Respondents must not file a dispositive motion in place of an answer without first showing cause as to why an answer is inadequate.

(5) Petitioner may file a reply within 20 days from the date of service of the answer.

(6) This matter is referred to Magistrate Judge Jay R. Irwin pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and recommendation.

DATED this 8th day of September, 2010.

G. Murray Snow
United States District Judge